IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

CIVIL ACTION NO: 4:17-cv-2221

MARIO FOBBS,

    Plaintiff,

vs.

BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE,
and BROOKE THOMPSON,

    Defendants.
_____/

## **COMPLAINT**
*[Jury Trial Demanded]*

Plaintiff, MARIO FOBBS, for his Complaint against Defendants, BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE and BROOKE THOMPSON states and alleges the following:

### SUMMARY

1. BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE, and BROOKE THOMPSON, (hereinafter "Defendants") required and/or permitted MARIO FOBBS (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate him his proper overtime compensation for all hours worked.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker(s) who has been denied overtime pay required by law, for which Plaintiff now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in this judicial district because Defendants engage in business and maintain their principal place of business here.

## THE PARTIES

6. Defendant BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE is a domestic limited liability company with its principle place of business in the county where this Court is situated.

7. Defendant BROOKE THOMPSON is a resident of Texas.

## COVERAGE

8. Defendant, BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant, BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

10. Accordingly, Defendant, BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE is both a covered "enterprise" and an "employer" under the FLSA.

11. Defendant, BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

12. Defendant, BROOKE THOMPSON, is a resident of the county where this Court is situated and was, and now is, the managing agent, director and/or owner of Defendant, BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE; said Defendant acted and acts directly in

the interests of the Defendant, BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE, in relation to said co-Defendant's employees. Defendant, BROOKE THOMPSON, effectively dominates BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE's administrative functions or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others.

13. In furtherance of Defendant's business, Defendant, BUZZZZ BE GONE, LLC d/b/a MOSQUITO JOE's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

14. At all times material hereto, in furtherance of Defendants' operations, Plaintiff, MARIO FOBBS individually engaged in interstate commerce by regularly and routinely utilizing instrumentalities of interstate commerce, including, but not limited to, phones and equipment that were manufactured in other states.

### FACTUAL ALLEGATIONS

15. Defendants engaged in the business of providing pest control services to its customers.

16. Plaintiff began working for Defendants on or about June 1, 2015 as an hourly pest control sprayer and continued employment with Defendants until about August 1, 2016.

17. MARIO FOBBS approximates that he worked an average of 60 hours per week for Defendants.

18. Defendants compensated Plaintiff $12.00 per hour worked for every hour worked, regardless of the number of hours worked. Defendants failed to compensate Plaintiff his extra "and a half" portion of his overtime premium for all hours worked in excess of 40 per workweek.

## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") (OVERTIME)

19. Plaintiff incorporates all allegations contained in the preceding paragraphs.

20. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

21. Defendants' failure to pay overtime compensation to Plaintiff violates the FLSA.

22. Plaintiff is not exempt from the right to receive the appropriate overtime pay under the FLSA.

23. As a result of Defendants' failure to compensate its employees, including Plaintiff(s), Defendants have violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

24. Accordingly, Plaintiff is entitled to complete compensation for hours worked.

25. Additionally, Plaintiff is entitled to an amount equal to unpaid overtime wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

26. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

27. Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that its actions and omissions were not a violation of the

FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

28. Plaintiff is entitled to have the limitations period extended to three years because Defendants' actions were willful. 29 U.S.C. § 216(b).

29. WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

### PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for the following:

a. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rate;

b. an equal amount as liquidated damages as allowed under the FLSA;

c. damages accrued up to three years;

d. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

e. pre-judgment and post judgment interest at the highest rates allowed by law; and

f. such other relief as to which Plaintiff(s) may be entitled.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No. 031186
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:     (954) 585-4886
jloren@lorenlaw.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*